IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 11-CR-30112-DRH |
| ) | |
| ANTHONY J. FINCHEN, IV, ) | |
| ) | |
| Defendant. ) | |

## **PRELIMINARY ORDER OF FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO FIREARMS OF ANTHONY J. FINCHEN, IV**

**HERNDON, Chief Judge:**

This Order is issued in response to the Motion of the United States for a Preliminary Order of Forfeiture [Doc. 53]. The defendant in open court on January 17, 2012, indicated that he had no objection to the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of the two firearms and ammunition which he owned and possessed at the time of the commission of the offense for which he was convicted; the Court finds that the defendant waives the requirement imposed under Rule 32.2(a) of the Federal Rules of Criminal Procedure that the indictment must notify the defendant that the government is seeking the forfeiture of property; and the Court hereby finds that the following property is forfeitable and hereby orders forfeited the following property:

**One J. Stevens Arms Co., Springfield Model 87A, 22 long rifle, bearing no serial number;**

**One Witte Hardware Co., unknown Model, 12 gauge breakaction, single shot shotgun, bearing serial number D7561; and**

**Any and all ammunition contained within or seized with the above firearms.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. The notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim for relief.

The United States shall, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the property custodian for the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is final with respect to defendant Anthony J. Finchen, IV at the time of the defendant's

sentencing, regardless that the rights of actual or potential third-party petitioners have not been determined by that time. This Order shall be made part of the sentence of defendant Anthony J. Finchen, IV and shall be included in the Judgment imposed against the defendant. This Order is a final order with respect to the defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of the property by filing notice of the abandonment with the Court.

**IT IS SO ORDERED.**

**DATED:** February 6, 2012

David R. Herndon
2012.02.06
11:07:26 -06'00'

**Chief Judge**
**United States District Court**